UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 7:25-cv-229 |
| | § | |
| 24.728 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND LITE OIL, LTD., et al., | § § § § | |
| | § | |
| Defendants. | § | |

**MOTION FOR MORE DEFINITE STATEMENT, AND SUBJECT THERETO, ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT LITE OIL, LTD.**

COMES NOW LITE OIL, LTD., Defendant in the above entitled and numbered cause, and files this its Motion for More Definite Statement pursuant to Rule 12(e), FED. R. CIV. P., and subject thereto, their Original Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Complaint in Condemnation, and would show the Court as follows:

MOTION FOR MORE DEFINITE STATEMENT

The Government's authority to acquire property through condemnation is set out in 8 U.S.C. § 1103(b)(2) and (3) which prescribes that the Government must negotiate in good faith with property owners in an effort to reach a reasonable price for the property interest it seeks before moving to condemn the land. If the Government and the property owners are unable to agree on a reasonable price for the interest the Government seeks, then the Government must proceed through straight-condemnation procedure prescribed by 40

U.S.C. § 3113 ("1888 Condemnation Act") and Rule 71.1 of the Federal Rules of Civil Procedure.

The provisions of Illegal Immigration Reform and Immigrant Responsibility Act of 1996 require the Government to clearly define the real property interest it seeks and then attempt to fix a price for it with the property owners. In its Complaint, the Government has not provided an adequate description of the location, size, dimensions, number, and type of border fence gates and the manner in which access will work through the gates after the taking. Further, the Government has not provided an adequate description of the impact, if any, of the acquisition and proposed infrastructure on Defendants' drainage systems serving their Property. As such, the property description in Plaintiff's Complaint is inadequate in that it fails to describe the property interest acquired and is insufficient to allow Defendants to specifically identify what property rights are actually being taken in the condemnation.

In particular, in Schedule E entitled "Estate Taken" attached to Plaintiff's Complaint, Plaintiff vaguely alleges that Defendants will be provided "reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map" set forth therein. There are no gates or access points identified. Moreover, there is inadequate information concerning the acquisition's impact, on the Property's drainage system. Thus, Plaintiff has not legally described the property interest being acquired and the associated access rights in its condemnation complaint.

Without information concerning the location, number, dimensions, type, and size of the border gates and how they will be accessed, together with the acquisitions' impact on the Property's drainage system, Defendants have been unable to fully assess what property rights are being taken and/or restricted. Defendants have thus been unable to make an informed response to the Government's offer of compensation. Further, without this information, Defendants are unable to obtain an appraisal of its own by an independent real estate appraiser because such an appraiser would have to know specifically what property rights are being taken and/or restricted in order to value them.

In short, the Government has not told Defendants what it seeks to take from them and has thus left Defendants in the dark as to what rights and interests it may be negotiating compensation.

<u>ORIGINAL ANSWER SUBJECT TO MOTION TO DISMISS</u>

COMES NOW DEFENDANT LITE OIL, LTD. and, subject to its Motion for More Definite Statement, file this its Original Answer and Jury Demand in response to Plaintiff's Complaint in Condemnation, and would show the Court as follows:

<u>DEFENDANT'S RESPONSES TO COMPLAINT IN
CONDEMNATION (DOCUMENT 1)</u>

1. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. The allegations in paragraph 2 are jurisdictional in nature and do not necessitate a response. Subject thereto, to the extent a response is necessary, Defendant admits the allegations in paragraph 2, subject to objections and defenses set forth hereinafter.

3.  Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3.

4.  Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5.  Defendant objects to the extent that the land to be acquired through condemnation has not been specifically described and identified as set forth in Defendant's Motions for More Definite Statement which is incorporated herein by reference as if fully copied and set forth at length. Without such description of the property to be acquired by Plaintiff, Defendant does not know precisely what property rights are being sought by the Plaintiff and therefore, Defendant denies the allegations of Paragraph 5.

6.  Defendant objects to the extent that the land to be acquired through condemnation has not been specifically described and identified as set forth in Defendant's Motions for More Definite Statement which is incorporated herein by reference as if fully copied and set forth at length. Without such description of the property to be acquired by Plaintiff, Defendant does not know precisely what property rights are being sought and therefore, Defendant denies the allegations of Paragraph 6.

7.  Defendant admits that Plaintiff has alleged the amount of its estimate of just compensation for the property acquired in Paragraph 7 but denies it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendant denies the allegations of Paragraph 7.

8.  Defendant admits it is an interested party in this matter as alleged in Paragraph 8 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 8.

9. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 9.

DEFENDANT'S RESPONSE TO DECLARATION OF TAKING (DOCUMENT 2)

1. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 2.

3. Defendant objects to the extent that the land to be acquired through condemnation has not been specifically described and identified as set forth in Defendant's Motions for More Definite Statement which are incorporated herein by reference as if fully copied and set forth at length in response to Paragraphs 3, 4, and 5. Without such description of the property to be acquired by Plaintiff, Defendant does not know precisely what property rights are being sought by the Plaintiff. Accordingly, Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3, 4, and 5.

4. Defendant admits that Plaintiff has alleged and deposited the amount of its estimate of just compensation for the property acquired in Paragraph as alleged in Paragraph 6 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendant denies the remaining allegations of Paragraph 6.

5. Defendant admits it is an interested party in this matter as alleged in Paragraph 7 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 7.

6. Defendant denies the allegations in Paragraph 8.

DEFENDANT'S OBJECTIONS AND DEFENSES

Pursuant to FED. R. CIV. P. 71.1(e)(2), Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking, and would show as follows:

1. Plaintiff has failed to negotiate in good faith and to make a good faith offer of compensation to Defendant for the property rights being acquired. Such negotiations and good faith offer are required of Plaintiff under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

2. Plaintiff has failed to adequately describe the property rights it seeks to acquire through condemnation and therefore its pleadings do not adequately apprise Defendant of what rights are sought in this lawsuit.

3. Plaintiff has failed to offer just and adequate compensation for the property rights in seeks to acquire and for market value damages to Defendant's remainder property.

4. Plaintiff's offer of compensation does not take into consideration the entire parent tract of Defendant's property and therefore does not include compensation for damages to Defendant's land that is impacted by Plaintiff's taking.

5. Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103. Said negotiations should be a condition prior to Plaintiff taking possession of the property.

6. Plaintiff has not fully complied with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, sections 4601, et seq.

8. Plaintiff has failed to meet all conditions precedent to the filing of a condemnation lawsuit.

9. Plaintiff's attempted taking of Defendant's property is unconstitutional.

10. Plaintiff's attempted taking of Defendant's property is in violation of the due process clause of the United States Constitution.

11. Plaintiff has exceeded its condemnation powers by proceeding pursuant to the Declaration of Taking Act ("DTA"), 40 U.S.C. §3114 (1931).

12. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

14. Defendant reserves all rights it has under Title 28 USCA, section 2412, to recover attorney's fees incurred in this condemnation lawsuit. *See also USA v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983) (*en banc*).

15. Defendant reserves the right to file additional objections and defenses if circumstances change, when a more specific legal description of the property being acquired is made by the Plaintiff, or any amendments to this action are filed by Plaintiff.

## REQUEST FOR JURY

Defendant requests a trial by jury pursuant to Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the land being taken and the damages to the remainder property.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

1. Judgment be rendered denying Plaintiff the right to condemn Defendant's property;

2. Alternatively, if such condemnation is allowed, that Defendant's Motion for More Definite Statement be granted and/or objections and defenses set out herein be

considered and that just compensation be determined in accordance with the Fifth Amendment of the United State Constitution and all applicable statutes;

      3.      Defendant be allowed recovery of attorneys' fees and other appropriate litigation expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654, and the Equal Access to Justice Act, 28 U.S.C. § 2412;

      4.      Defendant requests a trial by jury, pursuant to Rule 71.1(h)(1)(B) on the issue of just and adequate compensation; and

      5.      Defendant requests the Court grant Defendant such other and further relief to which it may be entitled.

                Respectfully submitted,

                BARRON, ADLER, CLOUGH & ODDO, PLLC
                808 Nueces Street
                Austin, Texas 78701-2216
                Ph: (512) 478-4995
                Fax: (512) 478-6022

                By:    */s/ Nicholas P. Laurent*
                          Nicholas P. Laurent
                          Attorney In Charge
                          Texas Bar Number 24065591
                          Southern District of Texas No. 1090833
                          laurent@barronadler.com
                          Roy R. Brandys
                          Texas Bar Number 02883550
                          Southern District of Texas No. 31963
                          brandys@barronadler.com

                ATTORNEYS FOR DEFENDANT,
                LITE OIL, LTD.

<u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1(d), no certificate of conference is required for this Motion.

<u>/s/ Nicholas P. Laurent</u>
Nicholas P. Laurent

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Motion For More Definite Statement, and Subject Thereto, Original Answer and Jury Demand was served upon opposing counsel, to-wit:

>ANCY THOMAS
>Assistant United States Attorney
>Southern District of Texas No.: 3869396
>New York Bar No.: 5449871
>1701 W. Bus. Highway 83, Suite 600
>McAllen, TX 78501
>Telephone: (956) 992-9380
>Facsimile: (956) 618-8016
>E-mail: ancy.thomas@usdoj.gov
>
>ATTORNEYS FOR PLAINTIFF,
>UNITED STATES OF AMERICA

by e-file service, certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Federal Rules of Civil Procedure, on this the 14th day of July 2025.

>/s/ Nicholas P. Laurent
>Nicholas P. Laurent